JOSEPH B. ASHFORD
v.
WILMER A. WORRELL.

*Master and Servant—Building Contract—Balance Due—Extras—Evidence.*

In an action brought to recover a balance claimed to be due under an oral contract to build several houses, and for extra work, this court declines, in view of the evidence, to disturb the verdict for the plaintiff.

[Opinion filed July 2, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Mr. JOHN C. SCOVEL, for appellant.

Messrs. SCALES, BOYLE & SMITH, for appellee.

*Per Curiam.* We are urged by the appellant to reverse the judgment in this case on the ground that the verdict for the jury is against the evidence, and that justice has not been done.

The action was brought to recover a balance claimed by appellee to be due him on a contract for building certain houses for appellant, and for certain extra work. We have examined the evidence presented in the record and find a conflict between appellant and appellee on the material issues in

the case. The contract for building several cottages was not put in writing, and according to general experience it would be very singular if there was not a dispute between the owner and the contractor as to its terms. If parties will be so careless and unbusiness-like as to have such contracts resting in parol, they must be satisfied with the conclusions which juries reach when litigation arises, in reference to their terms and obligations. It can not be said that the verdict in this case is without support in the evidence, or that the evidence preponderates against it to such an extent as to warrant its being set aside as being manifestly against the weight thereof. There is no error of law, and the jury who saw and heard the witnesses have seen fit to believe appellee's version of the facts, and have determined the conflict in his favor by the verdict, which has received the approval of the trial judge.

Under the circumstances this court is not warranted by anything disclosed in the record, in interfering, and the judgment must therefore be affirmed.

*Judgment affirmed.*